FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR 15 2015

DAVID J. MALAND, CLERK
BY
DEPUTY_____

SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § § | CRIMINAL NO. 6:15CR 29 MHS/KNM |
| ANDREW TYNE ALLISON | § § | |

### INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT ONE

<u>Violation</u>: 21 U.S.C. § 841(a)(1) (Possession with intent to distribute methamphetamine)

On or about July 31, 2014, in Panola County, in the Eastern District of Texas, **Andrew Tyne Allison**, defendant herein, knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance,

In violation of 21 U.S.C. § 841(a)(1).

Indictment - Page 1

## COUNT TWO

Violation: 18 U.S.C. § 924(c)
(Use, carrying, and possession of a firearm during and in furtherance of a drug trafficking crime)

On or about July 31, 2014, in the Eastern District of Texas, **Andrew Tyne Allison**, defendant herein, did knowingly and intentionally use, carry, and possess a firearm, that is, a Hi-Point, model C9, 9mm caliber pistol, s/n P1327982 firearm, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is possession with intent to distribute methamphetamine, a Schedule II controlled substance, as charged in Count One of this indictment, and in furtherance of said crime knowingly possessed a firearm, that is, a Hi-Point, model C9, 9mm caliber pistol, s/n P1327982 firearm,

All in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT THREE

Violation: 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm)

On or about July 31, 2014 in the Eastern District of Texas, **Andrew Tyne Allison**, defendant herein, did knowingly and unlawfully receive and possess a firearm, to wit: a Hi-Point, model C9, 9mm caliber pistol, s/n P1327982 firearm, which firearm had been shipped and transported in interstate commerce, and said defendant received and possessed the firearm after having been convicted of crimes punishable by imprisonment for a term exceeding one year, specifically:

Evading arrest with detention of a vehicle, offense date on or about September 7, 2006, In the County Court at Law, Panola County, Texas, Case No. 2006-C-0338;

Delivery of a controlled substance; offense date on or about June 12, 1998, In the County Court at Law, Panola County, Texas, Case No. 1998-C-112-CCL;

Delivery of a controlled substance, offense date on or about October 4, 2006, In the 123rd Judicial District Court, Panola County, Texas, Case No. 2007-C-0049;

In violation of 18 U.S.C. § 922(g)(1).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461

As the result of committing one or more of the foregoing offenses alleged in this indictment, the defendant herein shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853 and 28 U.S.C. § 2461:

1. any property constituting, or derived from, and proceeds the defendant obtained, directly or indirectly, as the result of such violations; and/or

2. any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

**FIREARMS:**

Any and all firearms, ammunition and accessories seized from the defendant, including but not limited to the following:

1. Hi-Point, model C9, 9mm caliber pistol, s/n P1327982;

2. Eight rounds of 9mm ammunition and magazine; and

3. Pipes, rolling papers and spoons; suspected Adderall pills; and suspected hydrocodone pills.

**CASH PROCEEDS**

$5,000.00 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is proceeds obtained directly or indirectly as a result of the commission of the aforesaid violations.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or

   (e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendants.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853 and 28 U.S.C. § 2461.

                A TRUE BILL

                _____
                GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

_____   4-15-2015
BY: THOMAS E. GIBSON       Date
Assistant United States Attorney
Senior Litigation Counsel
110 N. College, Suite 700
Tyler, Texas   75702
(903) 590-1400
(903) 590-1439 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § § | CRIMINAL NO. 6:14CR_____ |
| ANDREW TYNE ALLISON | § § | |

## NOTICE OF PENALTY

### COUNT 1

| | |
|---|---|
| Violation: | 21 U.S.C. § 841(a)(1) (Possession with intent to distribute and distribution of methamphetamine, a Schedule II controlled substance) |
| Penalty: | Imprisonment for a term not more than 20 years, a fine not to exceed $1,000,000, or both. A term of supervised release of not more than three years in addition to such term of imprisonment. |
| Special Assessment: | $100.00 |

Indictment - Page 6

## COUNT 2

| | |
|---|---|
| Violation: | 18 U.S.C. § 924(c) (Use, carrying, and possession of a firearm during and in furtherance of a drug trafficking crime) |
| Penalty: | Imprisonment for a term of not less than five years or more than life, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00, or both. A term of supervised release of not more than 3 years in addition to such term of imprisonment. |
| Special Assessment: | $100.00 |

## COUNT 3

| | |
|---|---|
| Violation: | 18 U.S.C. § 922(g)(1) |
| Penalty: | Imprisonment for not more than 10 years, and a fine not to exceed $250,000, or both. A term of supervised release of no more than 3 years in addition to such term of imprisonment. |

Special Assessment: $100.00